# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2297 | **DATE** | August 29, 2001 |
| **CASE TITLE** | Marros v. Naperville Family Physicians, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion to remand [4-1] is granted. Cigna's motion for summary judgment [15-1] is moot. Pursuant to 28 U.S.C. § 1447(c), this action is remanded to the Circuit Court of Cook County, Illinois. Furthermore, pursuant to 28 U.S.C. § 1447(c), Cigna shall pay all attorney fees, costs and disbursements incurred by plaintiffs by reason of the removal proceedings. Plaintiffs are directed to submit appropriate documentation of such fees and costs to the court within 14 days, after which Cigna will have 14 days to respond. See attached for details. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | AUG 30 2001 | 73 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | FILED FOR DOCKETING | mw docketing deputy initials | |
| | Mail AO 450 form. | 01 AUG 29 PM 4:31 | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS P. MARROS and CLARENCE )
MARROS, natural father and next )
friend of Thomas P. Marros, )
)
      Plaintiffs, )
)
v. )  No. 01 C 2297
)
NAPERVILLE FAMILY PHYSICIANS, INC.,)
an Illinois corporation, et al., )
)
      Defendants. )

## MEMORANDUM OPINION

Before the court is plaintiffs' motion to remand this case to the Circuit Court of Cook County. For the reasons explained below, the motion is granted.

## BACKGROUND

In February 1995, plaintiff Thomas P. Marros sought treatment from defendant Naperville Family Physicians for an injury to his right hand and wrist. He was seen by defendant Donald M. Rusthoven, M.D., and his x-rays were interpreted by defendant S. Chandra Mouli, M.D. Plaintiff and his father and next friend, Clarence Marros, filed a medical malpractice action in the Circuit Court of Cook County against defendants for, among other things, negligent treatment and the failure to diagnose a fracture. Plaintiffs also sued Cigna Healthcare of Illinois, Inc. ("Cigna")

based on vicarious liability theories and violation of fiduciary duty. Plaintiffs filed their original Complaint on November 12, 1997 and filed a Second Amended Complaint on March 13, 2001. On April 3, 2001, Cigna filed a petition to remove the action to this court. Thereafter, plaintiffs filed the instant motion to remand the case to the Circuit Court of Cook County.

## DISCUSSION

Plaintiffs assert several grounds for remand, the first being that all defendants have not joined in the removal petition. In order for an action to be properly removed from state court to federal court, all defendants must consent to removal "within thirty days after the receipt by the defendant . . . of the copy of the initial pleading" or amended pleading containing the removable claim. 28 U.S.C. § 1446(b); Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272 (7th Cir. 1982). A petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants. See id.; Shaw v. Dow Brands, Inc., 994 F.2d 364, 368 (7th Cir. 1993). If all defendants do not consent to removal within the thirty-day period, the district court must remand the case. See 28 U.S.C. § 1447(c).

Cigna concedes that the other defendants did not join in its removal petition, but argues that it need not obtain the other

defendants' consent because removal is proper pursuant to 28 U.S.C. § 1441(c). Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

The requirement that a claim be "separate and independent" must be strictly applied and narrowly construed. See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 10 (1951); Lewis v. Louisville & Nashville R.R., 758 F.2d 219, 221 (7th Cir. 1985). It is well-settled that a claim is not "separate and independent" if it arises from the same loss or actionable wrong. See Lewis, 758 F.2d at 221.

A distinct legal argument is not a separate claim. See Hickey v. Duffy, 827 F.2d 234, 236 (7th Cir. 1987). Put another way, "[e]ven if more than a single wrong exists, claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts." Lewis, 758 F.2d at 221.

Here, the claims against Cigna are not "separate and independent" from the other claims asserted, as required for removal under § 1441(c). Plaintiffs have alleged damages resulting from a single incident—the treatment of Thomas Marros's hand/wrist

injury. The allegations directed against Cigna involve substantially the same facts as do the allegations against the other defendants. Some of Cigna's alleged wrongs may be different from the wrongs alleged against other defendants, but they derive from the same facts. Therefore, Cigna has no right to removal pursuant to § 1441(c), and because all of the defendants did not join in the removal petition, this case must be remanded. Accordingly, we need not reach plaintiffs' additional arguments for remand.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand this case is granted. Cigna's motion for summary judgment is therefore moot. Pursuant to 28 U.S.C. § 1447(c), this action is remanded to the Circuit Court of Cook County, Illinois. Furthermore, pursuant to 28 U.S.C. § 1447(c), Cigna shall pay all attorney fees, costs and disbursements incurred by plaintiffs by reason of the removal proceedings. Plaintiffs are directed to submit appropriate documentation of such fees and costs to the court within 14 days, after which Cigna will have 14 days to respond.

DATE: August 29, 2001

ENTER: _____
John F. Grady, United States District Judge