

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2297 | **DATE** | February 27 2002 |
| **CASE TITLE** | Marros v. Naperville Family Physicians, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs are awarded attorney's fees in the amount of $6256.98. As stated in our memorandum opinion and order of August 29, 2001, this action is remanded to the Circuit Court of Cook County. The Clerk of this Court is directed to mail the certified copy of the remand order forthwith to the Clerk of the Circuit Court of Cook County, if the Clerk has not already done so. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices MAILED by judge's staff. | | | MAR 0 8 2002 | 29 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to | | | date mailed notice | |
| KAM | courtroom deputy's initials | | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | (Reserved for use by the Court) | |

01-2297.021-JCD                                    February 27, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS P. MARROS and CLARENCE )
MARROS, natural father and next )
friend of Thomas P. Marros, )
                                )
         Plaintiffs,             )
                                )
    v.                           )    No. 01 C 2297
                                )
NAPERVILLE FAMILY PHYSICIANS, INC.,)
an Illinois corporation, et al., )
                                )
         Defendants.             )

DOCKETE

MAR 0 8 20

## MEMORANDUM OPINION

Before the court is plaintiffs' petition for attorney's fees and costs. This is a medical malpractice action originally filed in the Circuit Court of Cook County on November 12, 1997. Plaintiffs filed a Second Amended Complaint on March 13, 2001, and thereafter, defendant Cigna Healthcare of Illinois, Inc. ("Cigna") filed a petition to remove the action to this court. We granted plaintiffs' motion to remand the case to state court because all of the defendants did not join in the removal petition. We also held that, pursuant to 28 U.S.C. § 1447(c), Cigna shall pay the attorney's fees, costs and disbursements incurred by plaintiffs by reason of the removal proceedings. Plaintiffs have submitted documentation of their fees and costs, to which Cigna has responded.

29

## **DISCUSSION**

28 U.S.C. § 1447(c) provides in pertinent part that "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In order to award attorney fees under section 1447(c), we are not required to find that the defendants removed the case in bad faith. See Tenner v. Zurek, 168 F.3d 328, 329-30 (7th Cir. 1999). Instead, § 1447(c) "is a fee-shifting statute, entitling the district court to make whole the victorious party." Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000).

The Seventh Circuit has distinguished § 1447(c) from other statutes that authorize recovery of "reasonable" attorney fees. See Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 367 (7th Cir. 2000). This is not to say that the district court is required to award whatever fees are demanded without inquiring into the reasonableness of those fees. See Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1134-35 (10th Cir. 2001) (finding that the district court erred in granting a fee petition without conducting such an inquiry). The Tenth Circuit has observed:

> [T]he phrase "incurred as a result of removal" informs and narrows the meaning of "actual expenses, including attorney fees." Nothing in . . . Hotline . . . suggests that courts are compelled to award unreasonable, if actual, fees to plaintiffs who successfully obtain an order of remand. To be compensable, their fees must be actually "incurred," that is, they must reflect efforts expended to resist removal. As we said above, and repeat here, unreasonably high fees are not "incurred" as a result of removal; rather, excessive fee requests flow

- 3 -

from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c).

Id. at 1135. Therefore, the district court must conduct "some sort of reasonableness inquiry." Id.

Plaintiffs have petitioned for attorney's fees in the amount of $26,250.00, claiming 87.5 hours of work at the rate of $300.00 per hour. Plaintiffs also request $2,013.96 in computer-assisted legal research.[1] Cigna argues that both the time spent and the hourly rate are excessive and suggests that 20 to 30 hours at a rate of $150.00 per hour is reasonable.

Plaintiffs' petition is problematic for several reasons. First, the hourly rate charged by plaintiffs' attorney, James Pancratz, is $300.00 per hour. This rate is excessive for a majority of the work described in the petition. The bulk of time was spent in motion practice, researching and drafting the motion to remand and the reply brief. See Chrapliwy v. Uniroyal, Inc., 670 F.2d 760, 767 n. 16 (7th Cir.1982) (stating that "an attorney may be overqualified for particular services which could reasonably be performed by a less skilled or experienced attorney . . . [so that] it may be unreasonable to value the attorney's time at his regular billing rate" instead of at a lower rate). The petition does not explain why a less experienced attorney could not have

---

[1] Although plaintiffs classify this research as a "cost," the Seventh Circuit has indicated that computer-assisted legal research charges are to be considered a part of attorney's fees. See Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 409 (7th Cir. 2000).

performed these tasks. Therefore, we reduce the rate to a reasonable one for the work involved: $200.00 per hour.

The fee petition includes 23 hours of "legal and factual" research for preparing the motion to remand, 3.5 hours of "research on remand and ERISA" after the motion was filed, and an additional 8.5 hours of "legal and factual" research for preparing plaintiffs' reply. The petition fails to state exactly what issues Attorney Pancratz researched and for how long. See Williams v. State Bd. of Elections, 696 F. Supp. 1561-62 (N.D. Ill. 1988) (explaining that general entries regarding "research" do not help a court determine whether the work was necessary or whether the time spent on it was excessive). Upon review of plaintiffs' petition, we were puzzled as to how so much research time could have been required, considering that the motion to remand was 8 pages long and involved three fairly straightforward and narrow issues of law. Similarly, the reply consisted of 8 pages and addressed only those removal issues that were raised in Cigna's response. Therefore, we asked plaintiffs to further explain the particular questions researched and the time required for each question, and also asked for any time records.

Plaintiffs submitted a reply that inadequately accounts for all of the research time. Plaintiffs explain the particular questions researched, but they do not specify the time required for each issue, and they fail to attach any time records. Plaintiffs'

attorney asserts that "factual" research was necessary in connection with the motion for remand and the reply in that he had to review almost 700 pages of deposition testimony. We do not believe that reviewing depositions was necessary or relevant to the plaintiffs' briefs on the motion. The motion dealt with legal, not factual issues. Moreover, as Cigna points out, the review of these depositions would have to be performed whether the case was in state court or federal court.

We believe that the number of hours spent on nearly all the other work listed in the petition was excessive as well. For example, the time charged for the following work appears clearly excessive: 1 hour to review Cigna's Petition for Removal, which was 2 ½ pages long; 1.5 hours to prepare and file an Appearance; 1 hour to review Cigna's routine motion to extend time; 2.5 hours to prepare and file a motion to set a hearing on the remand motion; 8 hours for "attention to" and "review" of Cigna's combined response/motion for summary judgment (a 26-page brief); 2.5 hours to prepare and file a routine motion to extend time to file a reply; and 1 hour to read this court's 4-page memorandum opinion. Wholly aside from research, plaintiffs' attorney billed 11 hours for drafting the 8-page motion to remand and 10 hours for drafting the 8-page reply. Having ourselves reviewed the final product, these amounts of time also appear excessive. Moreover, all four

court appearances by plaintiffs' attorney are billed for 2 hours each.

In addition to the review of depositions discussed *supra*, there are other charges listed in the petition for work that would have to be done whether the case was in state court or federal court. Fees for reviewing defendant Dr. Rusthoven's appearance and answer were not "incurred as a result of the removal"; the work would have to be done anyway. The same is true for the work done in relation to defendant Naperville Family Physicians, Inc.'s appearance and motion to vacate technical defaults relating to the filing of its answer.

As a practical method of "trimming the fat" from this fee petition--and, as we have discussed, this petition is particularly plump--we will reduce Attorney Pancratz's claimed hours by 70% to 26.25 hours. See Tomazzoli v. Sheedy, 804 F.2d 93, 98 (7th Cir. 1986) ("[I]t is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application."). At the rate of $200.00 per hour, this works out to $5,250.00 in attorney's fees. Additionally, we will award half of the claimed fees for computer-assisted legal research, in the amount of $1006.98.

## CONCLUSION

For the reasons stated above, plaintiffs are awarded attorney's fees in the amount of $6256.98. As stated in our memorandum opinion and order of August 29, 2001, this action is

remanded to the Circuit Court of Cook County. The Clerk of this Court is directed to mail the certified copy of the remand order forthwith to the Clerk of the Circuit Court of Cook County, if the Clerk has not already done so.

Date:   February 27, 2002

ENTER:  _____
        John F. Grady, United States District Judge